UNITED STAT    DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY E. HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-01792-JMS-DML |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff=s request to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of even a partial filing fee is not feasible at this time.

2. The plaintiff's motion for temporary restraining order ("TRO") [dkt. 3] and motion for preliminary injunction [dkt. 4] have been considered. The plaintiff's motion for TRO seeks an order requiring the defendants to safeguard a computer and other property that was seized at the time of his arrest for a probation violation. The plaintiff's motion for preliminary injunction seeks an order prohibiting the defendants from enforcing Ind. Code § 35-42-4-4(c), the application of which, he contends, has prevented him from obtaining the return of the property seized during his arrest. To succeed in obtaining preliminary injunctive relief, the plaintiff must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm if preliminary relief is not granted, the balance of equities tips in his favor, and it is in the public interest to issue an injunction. *United States v. NCR Corp.,* 688 F.3d 833, 837 (7th Cir. 2012). Both motions are grounded on the plaintiff's desire to recover certain property. The Court

need not address all the applicable factors because it takes judicial notice of the decision of the Indiana Court of Appeals affirming the trial court's denial of the plaintiff's                of property. *Howell v. State,* No. 47A05-1211-CR-590, 990 N.E.2d 523, 2013                d. Ct. App. July 15, 2013). Given the plaintiff's failure to recover the property in the state courts, his likelihood of success in this Court is essentially nil. The Court further notes that the state courts determined that the plaintiff was not even the "rightful owner" of the computer at issue. Moreover, no irreparable harm has been identified if such injunctive relief is not awarded. Therefore, the plaintiff's motion for TRO [dkt. no. 3] and motion for preliminary injunction [dkt. 4] are **denied.**

3. The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court will direct the further development of any claim which is not dismissed on this basis. The parties will be notified when this determination has been made.

**IT IS SO ORDERED.**

Date: 11/15/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey E. Howell
#194392
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Rd.
P. O. Box A
New Castle, IN  47362